IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                              CASE NO. 21-01659 (ESL)

GUI-MER-FE, INC.                                    CHAPTER 11

      Debtor

OPINION AND ORDER

This case came before the court upon the Debtor's *Report of Payments under the Plan and Request for Final Decree Pursuant to F.R.B.P 3022* by which the Debtor requested that a final decree be entered given "that the Plan is effective and that the estate has been fully administered", thus administratively closing the case. (Docket No. 65). The court entered an Order stating that the Debtor's request for an administrative closing of the case may contradict the dispositions in the confirmation minutes. The court ordered the Debtor, the Subchapter V trustee, the U.S. Trustee, and any party in interest who so wishes, to further clarify within twenty-one days why a final decree may be entered at this juncture. (Docket No. 74).

The Debtor filed a *Motion in Compliance of Order and in Request of Administrative Closing of the Case* withdrawing its request for entry of final decree and clarifying that its request is for the "administrative closing of the case" as it is customarily done in chapter 11 cases and, thus, will result to the benefit of the estate because it would save the Debtor from having to incur additional expenses for post-confirmation professional services. Debtor's position is that the administrative closing of the case does not contradict the dispositions of the confirmation minutes. (Docket No. 76).

The United States Trustee for Region 21 (hereinafter referred to as "U.S. Trustee") filed a *Motion in Compliance with Court's Order at Docket No. 74* opposing the entry of an order closing the case at this time because there is no distinction between an order entering a final decree and an order directing the "administrative closing of the case." The U.S. Trustee argues that the entry of an order closing the case is premature, given that the subchapter V trustee has

-1-

not been discharged from her duties. Moreover, pursuant to the Court's Confirmation Order, the trustee will not be discharged until after the Debtor completes all plan payments, and thus entry of an order closing the case before said time is proscribed by section 350(a). (Docket No. 77). For the reasons stated herein, the Court denies the Debtor's *Motion in Compliance of Order and in Request of Administrative Closing of the Case.*

## Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This is a core proceeding pursuant to 28 U.S.C. §§157(b)(1) and (b)(2)(A). Venue of this proceeding is proper under 28 U.S.C. §§1408 and 1409.

## Facts and Procedural Background

The Debtor filed a bankruptcy petition under Subchapter V of Chapter 11 of the Bankruptcy Code on May 27, 2021 (Docket No. 1). On May 28, 2021, Diana Torres Cancel was appointed as subchapter V trustee (Docket No. 6). The 341 creditors' meeting was scheduled and held on July 2, 2021 (Docket Nos. 6 & 35). On July 13, 2021, a status conference was held in conformity with 11 U.S.C. §1188(a). (Docket No. 36). On August 25, 2021, the Debtor filed the Plan of Reorganization (Docket No. 44). On September 25, 2021, the Debtor filed its *Statement Pursuant to 11 U.S.C. §1129(a) Requirements* as modified by 11 U.S.C. §§1181 and 1191 which shows that the Plan of Reorganization dated August 24, 2021, complies with the plan confirmation requirements of the above referenced sections and thus, requests the Court enter an Order confirming the plan. (Docket No. 54). On September 28, 2021, the confirmation hearing was held in which the chapter 11 subchapter V plan dated August 24, 2021, was confirmed pursuant to 11 U.S.C. §1191(b). (Docket No. 55). An order confirming the subchapter V plan was entered on the same date (Docket No. 56).

On November 04, 2021, The Debtor filed its *Report of Payments under the Plan and Request for Final Decree Pursuant to F.R.B.P. 3022* (Docket No. 65). On December 12, 2021, the Court's Order stated in pertinent part as follows:

"The minutes of the confirmation hearing held on September 28, 2021 (dkt. #55) state the following:

'The Debtor and the Subchapter V Trustee shall move the court within 30 days after the last payment date informing the completion of all payments under the confirmed plan and that an individual discharge (Official Form 3180 VR2) or Corporation Discharge (Official Form 3180VR3), may be entered pursuant to 11 U.S.C. §1192.

When a plan is confirmed on a nonconsensual basis pursuant to §1191(b), the Subchapter V trustee will collect the plan payments and distribute them to creditors, unless otherwise provided for in the plan or the confirmation order. 11 U.S.C. §1194(b). The Subchapter V trustee will remain in place for the life of the plan. Upon completion of all the payments under the confirmed plan, the Subchapter V trustee shall submit the final report and account of the administration of the estate. 11 U.S.C. §1183(b)(1) and §704(a)(9). The debtor shall move the court and request the entry of a final decree closing the case pursuant to §350(a) and Fed. R. Bankr. P. 3022 within fourteen (14) days after the Subchapter V trustee files the final report.'

The debtor specifically stated in the request for final decree that it 'is aware of the need to reopen the case once all payments under the confirmed plan are completed, in order to file the final report of payments and request the entry of discharge and final closing of the case.' Thus, it appears that the debtor is requesting an interim administrative closing of the case. Such a request may contradict the dispositions in the confirmation minutes.

In view of the foregoing, the court orders the debtor, the Subchapter V trustee, the U.S. Trustee, and any party in interest who so wishes, to further clarify within 21 days why a final decree may be entered at this juncture." (Docket No. 74).

Consequently, on January 7, 2022, the Debtor filed a *Motion in Compliance of Order and in Request of Administrative Closing of the Case* (Docket No. 76). On January 12, 2022, the U.S. Trustee filed a *Motion in Compliance with Court's Order at Docket No. 74*. (Docket No. 77)

### **Position of the Parties**

### ***Debtor***

The Debtor withdrew its request for entry of a final decree and clarified that its request is for the "administrative closing" of the case as is customarily done in chapter 11 cases. The Debtor argues that the costs of administration of the case will be reduced by minimizing the need for post confirmation services to be rendered by the professionals of the case, including the Trustee, debtor's attorney and the accountant, reducing the amount of fees to be paid for those services, thus increasing the availability of funds to assure payments to creditors under the terms of the

confirmed plan. Article X of the confirmed plan of reorganization provides that the Debtor will make direct payments to its creditors pursuant to 11 U.S.C. §1194(b). Direct payments to creditors by Debtor will allow for a more expeditious and economical form of administration of the case than making payments through the subchapter V Trustee. After all the payments are completed throughout the life of the confirmed plan, the Debtor will request the Trustee to file the Final Report. After the Final Report has been filed, then the Debtor will file its request for Final Decree and request for entry of order of corporate discharge pursuant to §1192 and §350(a) and for the final closing of the case in compliance with this Court's order included in the minutes of confirmation. Debtor contends that the administrative closing does not contradict the dispositions of the confirmation minutes, therefore resulting in a benefit to the estate.

### *U.S. Trustee*

The U.S. Trustee opposes the "administrative closing" of the case based upon the following arguments: (i) it is not aware of any distinction between an order entering a final decree, and an order directing the "administrative closing of the case." Usually after a chapter 11 case is confirmed, the Court signals the administrative closing of the case through the approval of the final decree pursuant to 11 U.S.C. §350(a) and Fed. R. Bankr. P. 3022 or the Court may enter an order dismissing or converting the case; (ii) section 350(a) provides that, "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. §350(a). In the instant case, the entry of an order closing the case is premature, as the subchapter V trustee has not been discharged under §1191(b); (iii) Debtor's plan was confirmed under §1191(b), thus the service of the subchapter V trustee was not terminated upon the substantial consummation of the Plan, as provided by §1183(c)(1). The subchapter V trustee continues in place, not just to make payments to creditors under the Plan, but also to appear at any hearing requesting the modification of the plan after confirmation in conformity with 11 U.S.C. §1183(b)(3)(C). The Trustee has the duty of monitoring the plan payments made by the Debtor if, as in this case, the Plan provides for Debtor to make such payments under 11 U.S.C. §1183(b)(4). Only after the subchapter V trustee files the final report and accounting may the

Debtor be entitled to request the entry of a final decree. Thus, under the Court's Confirmation Order, the trustee will not be discharged until after the Debtor completes all plan payments. Therefore, entry of an order closing the case before said time is proscribed by 11 U.S.C. §350(a).

The issue before the Court is whether a Debtor whose plan was confirmed under 11 U.S.C. §1191(b) may request the "administrative closing" of the case without having a final decree entered prior to the closing of the case.

### Applicable Law & Analysis

Section 350 provides, "(a) [a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case. (b) a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. §350. The court notes that a fully administered estate under section 350(a) is different from substantial consummation pursuant to 11 U.S.C. §1101(2).

Fed. R. Bankr. P. 3022 implements section 350 and provides that, "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." P.R. LBR 3022-1 provides in pertinent part:

"(a) Filing of Application for Final Decree. A plan proponent in a chapter 11 case has the continuing post-confirmation duty of preparing and prosecuting the application for a final decree closing the case.
(b) Deadline for Filing Final Report and Application for Entry of Final Decree. Unless otherwise provided in the confirmation order, the proponent of the plan shall file a Final Report and Motion for Entry of Final Decree not later than 90 days after the order confirming the plan becomes final. If the application is not filed within the afore-specified time period, the plan proponent must comply with LBR 2015-2(b)." P.R. LBR 3022-1(a), (b).

This Court in In re Swiss Chalet, Inc., 485 B.R. 47 (Bankr. D.P.R. 2012) discussed the factors for the entry of a final decree and the legal basis pertaining to the same and held that:

"Section 350(a) of the Bankruptcy Code directs the court to close a case "[a]fter an estate is fully administered, and the Court has discharged the trustee." Likewise, Fed. R. Bankr. P. 3022 instructs the court to issue a final decree closing a case on its own motion or on

motion of a party in interest once the case has been fully administered. The phrase "fully administered" is not defined in the Bankruptcy Code or Rules. Nevertheless, the 1991 Advisory Committee Notes to Fed. R. Bankr. P. 3022 provide various factors to consider if an estate has been "fully administered":

Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business of the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved. *Id.* (emphasis added).

Also see Alan N. Resnick & Henry J. Sommer, 3 <u>Collier on Bankruptcy</u> ¶ 350.02 (16th ed. 2012) (citing the factors listed in the 1991 Advisory Committee Notes). These factors are not exhaustive, nor must a party demonstrate all of them for the court to consider that a case to be fully administered. *See* <u>In re Union Home & Industrial, Inc.</u>, 375 B.R. 912, 917 (10th Cir. BAP 2007).

<u>In Shotkoski v. Fokkena (In re Shotkoski)</u>, 420 B.R. 479, 483 (8th Cir. BAP 2009), the Bankruptcy Appellate Panel for the Eighth Circuit reasoned that:

we believe that the decision as to whether an estate is "fully administered" is one that falls within the discretion of the bankruptcy judge. To be clear, by affirming the bankruptcy court in this case, we are not holding that every individual Chapter 11 case must remain open until such time as all long-term plan payments have been completed and a discharge is entered. In fact, since the Bankruptcy Code expressly contemplates the reopening of cases and the exercise of continuing jurisdiction by the bankruptcy court (see 11 U.S.C. § 350(b)), we do not disagree with those courts choosing, for purposes of convenience and efficiency, to close individual Chapter 11 cases prior to completion of payments and entry of discharge. Again, we believe it is a case-by-case analysis best left to the discretion of the bankruptcy judge. *Id.* at 483 (emphasis added).

Also see <u>In re Mendez</u>, 464 B.R. 63, 65 (Bankr.D.Mass.2011), quoting and adopting that reasoning from <u>In re Shotkoski</u>, 420 B.R. at 483; <u>Nesselrode v. Provident Fin., Inc.</u> (<u>In re Provident Fin., Inc.</u>), 2010 Bankr. LEXIS 5047 at *26, 2010 WL 6259973 at *9 (9th Cir. BAP 2010) ("bankruptcy courts have flexibility in determining whether an estate is fully administered by considering the factors set forth in [Fed. R. Bankr. P.] 3022, along with any other relevant factors.") After all, "many of the factors relevant to determining if a case has been 'fully administered' may be known only to the bankruptcy court, based on its experience and oversight of the case." <u>In re Union Home & Industrial, Inc.</u>, 375 B.R. at 917.

'[A]n estate cannot be fully administered while there are outstanding motions, contested matters, or adversary proceedings pending before the court.' <u>In re Kliegl Brothers</u>

Universal Electrical Stage Lighting Company, Inc., 238 B.R. 531, 546 (Bankr.E.D.N.Y.1999).”

In re Swiss Chalet, Inc., 485 B.R. 47, 51-52; In re Perez, 2020 Bankr. LEXIS 1146, at *3-6 (Bankr. D.P.R. 2020).

As to the closing of individual chapter 11 cases, Collier's analysis is the following:

 “[s]ince the amendments to the Bankruptcy Code in 2005, individual chapter 11 debtors have been required to make payments to creditors for as long as five years before receiving a discharge. Some courts have interpreted Bankruptcy Rule 3022 to require an individual chapter 11 debtor case to remain open for the entire five-year period because the case is not fully administered until the time of discharge. Other courts have allowed a final decree to be entered prior to completion of payments, subject to reopening of the case for discharge and any other necessary actions. If the case is closed, no quarterly fee payments must be paid to the United States trustee or bankruptcy administrator. One problem with closing a case before the discharge is entered, however, is that the automatic stay terminates, with no discharge injunction to replace it.

Rule 3022 provides that the court on its own motion or a party in interest may seek a final decree. Ordinarily that party will be the trustee or the debtor. The United States trustee also may move for a final decree.

A final decree is required in every chapter 11 case. Until entry of a final decree, a case is an active case. If a final decree has been entered, the case may be reopened.”

Richard Levin & Henry J. Sommer, 9 Collier on Bankruptcy ¶ 3022.01(16th ed. 2022).

It is important to consider that, “[t]he full administration of the estate by the trustee is also a precondition to the discharge of the trustee and should be accomplished as expeditiously as possible. Typically, the closing of a case is triggered by the filing of the trustee's final report. A chapter 11 case of an individual debtor may be closed before the completion of payments under the plan or the debtor's discharge.” Richard Levin & Henry J. Sommer, 3 Collier on Bankruptcy ¶ 350.02(16th ed. 2022).

Chapter 11 debtors have generally requested the entry of a final decree which in turn leads to the closing of the case because they did not want to continue paying the U.S. Trustee's quarterly

fees which must be paid in a chapter 11 case until the case is "converted or dismissed," or until the case is closed pursuant to 28 U.S.C. §1930(a)(6)(A), (B). However, the Small Business Reorganization Act, specifically exempted subchapter V debtors from having to pay these quarterly fees to the U.S. Trustee pursuant to 28 U.S.C. §1930(a)(6)(A) & (B).

Section 1187(b) provides: "[a] debtor, in addition to the duties provided in this title and as otherwise required by law, shall comply with the requirements of section 308 and paragraphs (2), (3), (4), (5), (6), and (7) of section 1116 of this title.

Section 308 provides:

"(a) [f]or purposes of this section, the term 'profitability' means, with respect to a debtor, the amount of money that the debtor has earned or lost during current and recent fiscal periods.

(b) a debtor in a small business case shall file periodic financial and other reports containing information including—

(1) the debtor's profitability;

(2) reasonable approximations of the debtor's projected cash receipts and disbursements over a reasonable period;

(3) comparisons of actual cash receipts and disbursements with projections in prior reports;

(4) whether the debtor is – (A) in compliance in all material respects with postpetition requirements imposed by this title and the Federal Rules of Bankruptcy Procedure; and (B) timely filing tax returns and other required government filings and paying taxes and other administrative expenses when due;

(5) if the debtor is not in compliance with the requirements referred to in paragraph 4(A) or filing tax returns and other required government filings and making the payments referred to in paragraph 4(B), what the failures are and how, at what cost, and when the debtor intends to remedy such failures; and

(6) such other matters as are in the best interests of the debtor and creditors, and in the public interest in fair and efficient procedures under chapter 11 of this title." 11 U.S.C. §308.

Fed. R. Bankr. P. 2015(6) implements section 308 by establishing the time for filing the reports required under this section.

"A chapter 11 small business debtor must file and transmit to the United States trustee the reports required under section 308 each calendar month from the date an order for relief is entered until the effective date of the debtor's plan, or conversion or dismissal of the case. Each report must be filed no later than 21 days after the last day of the calendar month following the month covered by the report." Richard Levin & Henry J. Sommer, 9 Collier on Bankruptcy ¶ 2015.10 (16th ed. 2022).

Therefore, the obligation to file monthly operating reports under Fed. R. Bankr. P. 2015(6) terminates on the effective date of the plan, conversion or dismissal of the case. Thus, the debtor's duty to file monthly operating reports ceases on the effective date of the plan.

Section 1183(b)(3)(C) provides that part of the subchapter V Trustee's duties include: "modification of the plan after confirmation." 11 U.S.C. §1183(b)(3)(C). Moreover section 1183(c) which is titled, "Termination of Trustee Service" provides the following:

"(1) In general. – If the plan of the debtor is confirmed under section 1191(a) of this title, the service of the trustee in the case shall terminate when the plan has been substantially consummated, except that the United States trustee may reappoint a trustee as needed for performance of duties under subsection (b)(3)(C) of this section and section 1185(a) of this title.
(2). Service of notice of substantial consummation. – Not later than 14 days after the plan of the debtor is substantially consummated, the debtor shall file with the court and serve on the trustee, the United States trustee, and all parties in interest notice of such substantial consummation." 11 U.S.C. §1183(c).

In In re Garcia, the Court explained the meaning of the term "administrative closing" and the purpose of the same in the context of individual chapter 11 cases in the following manner:

"[t]he term "administrative closing" is not found anywhere in the Bankruptcy Code or Rules. It has been used in reported bankruptcy court decisions in various contexts without acquiring a clearly defined meaning. *See, e.g.,* In re Danny's Markets, Inc., 239 B.R. 342, 349 (Bankr. E.D. Mich. 1999) (discussing the accrual of quarterly USTP fees, and using the term to denote the court's closing of a case as part of its administrative function, while

also referring to it as technical closing), *rev'd*, 266 F. 3d 523 (6th Cir. 2001); In re Coomes, 20 B.R. 290, 291 (Bankr. W.D. Ky. 1982) (dealing with reopening cases to avoid liens and using the term to denote when a case is closed by the court as part of its administrative function); In re Williams, 17 B.R. 204, 205-206 (Bankr. W.D. Ky. 1982) (same). In the context of individual debtor chapter 11 cases, the concept of administrative closing appears to be a legal construct intended to represent something qualitatively less final than statutory closing. The term appears in our court's Official Local Form 19, which is a form of plan confirmation order in individual chapter 11 cases.[1]"

In re Garcia, 2018 Bankr. Lexis 2135, *8 (Bankr. D. Mass. 2018).

Also, in In re Garcia, the Court explained that the purpose of the "administrative closing" in individual chapter 11 cases and the waiver of the reopening fee in individual chapter 11 cases for the entry of discharge once the payments had been completed is aligned with the objective to increase the likelihood of successful reorganization by increasing the distribution to creditors which results from the cost savings of the U.S. Trustee quarterly fees. In re Garcia, 2018 Bankr. Lexis 2135, *9-10[2]. See also; In re Mendez, 464 B.R. 63, 66 (Bankr. D. Mass. 2011) (invoking 11 U.S.C. §105(a) to close individual chapter 11 case administratively and ordering the automatic stay under 11 U.S.C. §362(a) to continue and instructing the clerk of courts not to issue notice

---

[1] It must be noted that the United States Bankruptcy Court for the District of Massachusetts through Standing Order 2020-6 established interim amendments to its local rules to conform to the interim amendments to the federal rules of bankruptcy procedure related to subchapter v of chapter 11. Rule 3022-1 was amended for subchapter v cases. Rule 3022-1(a) Definitions. "For purposes of this Rule, 11 U.S.C. § 350 and Fed. R. Bankr. P. 3022, a chapter 11 case is "fully administered" unless, sixty (60) days following the entry of a final order confirming a plan of reorganization, (a) a matter is pending or (b) a trustee appointed under 11 U.S.C. § 1104(a) or 11 U.S.C. § 1183, continues to serve."

[2] "Finally, [ ] relieving individual chapter 11 debtors seeking a discharge from paying a reopening fee is consistent with the goal of administrative closure—to encourage maximum payments to creditors. See In re Necaise, *443 B.R. at 493* (providing that administrative closure "promotes the goals of increasing the likelihood of a successful reorganization by potentially increasing distribution to creditors of the bankruptcy estate resulting from the reduction of such costs"); In re Johnson, 402 B.R. at 854 ("The reason for [administrative closure] is to minimize the debtor's expenses by eliminating the ongoing quarterly fees . . . and . . . make a corresponding increase in the distribution to creditors."). Freeing debtors from the burden of paying a reopening fee upon successful completion of plan payments helps further that goal. *See* In re Johnson, *402 B.R. at 857* (in response to an argument by the U.S. trustee that early closure would saddle parties with the added expense of paying a fee if the case needed to be reopened, noting that court may waive reopening fees to relieve parties of the burden). Allowing the waiver of reopening fees in administratively closed individual debtor chapter 11 cases will increase the likelihood of successful reorganization by removing yet another obstacle standing between a debtor and her discharge. *See* Necaise, *443 B.R. at 493* (noting that administrative closure to alleviate a debtor of trustee fees increases the likelihood of successful reorganization)." In re Garcia, 2018 Bankr. Lexis, 2135, *9-10.

-10-

under Fed. R. Bankr. P. 4006)[3]. However, not all courts agree with In re Garcia's stance as to the administrative closing of individual chapter 11 cases and the judicial discretionary waiver of the reopening of the fee. See In re Krihak, 2022 Bankr. Lexis 660, *5-6 (Bankr. N.D. Ill. 2022) ("Garcia does hold that a bankruptcy court can waive the reopening fee for individual chapter 11 debtors who have completed their plans and want a discharge. 2018 Bankr. LEXIS 2135, [WL] at *2-5. But the decision bases its holding on the Fee Schedule's "grant of discretion and its express mandate to waive reopening fees when matters of discharge are involved" as well as the "difference . . . between administrative and statutory closing." 2018 Bankr. LEXIS 2135, [WL] at *5. What Garcia fails to mention is the Fee Schedule's critical declaration that the reopening fee "must" be charged if a case is closed without a discharge. As for the alleged distinction between "administrative" and "statutory" case closings, even Garcia acknowledges that "administrative closing" appears nowhere in the Code or Rules and is no more than an expedient judicial construct. Garcia is unconvincing.").

The U.S. Trustee program's policy changed in the year 2010 for individual chapter 11 cases in which it would not "object to an individual chapter 11 debtor's request to close the case before discharge, subject to reopening for entry of a discharge upon completion of plan payments, if the estate is fully administered and the trustee has been discharged. The USTP's analysis begins with the language of §350(a) of the Code: 'After an estate is fully administered and the court has discharged the trustee, the court shall close the case.' Since very few chapter 11 cases have trustees, the issue boils down to whether the estate has been fully administered." Walter W. Theus, Jr.,

---

[3] It must be noted that for subchapter v cases, 11 U.S.C. 1186 provides that if a plan is confirmed under 1191(b), then property of the estate includes, in addition to the property already specified in section 541, property acquired and earnings from services acquired post-petition which would imply that the automatic stay does not end at confirmation under 11 U.S.C. §362(c)(1), given that all property under 541 and post-petition assets and earnings are property of the bankruptcy estate. Section 1186 conflicts with the vesting provisions of 11 U.S.C. §1141(b). However, this issue is not before the court.

-11-

_Individual Chapter 11 Cases: Case Closing Reconsidered_, XXIX ABI Journal 1, 62-63 (Feb. 2010). Moreover, the article also explains that the United States Trustee program's "decision not to object to an individual chapter 11 debtors' request to temporarily close the case after the estate has been fully administered comports with both the Bankruptcy Code and bankruptcy policy. Rights of debtors and other parties in interest are protected, and funds that debtors would otherwise use to pay quarterly fees become available to increase payments to creditors." Id.

The Court finds that the Debtor's argument for requesting the "administrative closing" of the Chapter 11 subchapter V case which is based on reducing the costs of the administration of the case are unfounded. As discussed herein, subchapter V debtors are specifically exempted under 28 U.S.C. §1930(a)(6)(A) & (B) from having to pay quarterly fees to the U.S. Trustee. In addition, subchapter V debtors' obligation to file monthly operating reports terminated on the effective date of the plan pursuant to Fed. R. Bankr. P. 2015(6). Notwithstanding, plan confirmation under 11 U.S.C. §1191(b) does not terminate the subchapter V trustee's services pursuant to 11 U.S.C. §1183(b) and (c)(2). For example, if the confirmed plan needs to be modified in the future under 11 U.S.C. §1193(c), the services of the debtor's attorney and the subchapter V trustee's will be required and a motion to reopen will have to be filed and the corresponding fees under the Bankruptcy Court Miscellaneous Fee Schedule or if a motion to dismiss or convert the case needs to be filed. Moreover, Article XIV, titled Closing of the Case, of the Debtor's confirmed plan provides:

> "At such time as the case has been substantially consummated, this case shall be closed. In order for the case to be closed, the Debtor shall file an application for final decree showing that the case has been fully administered and that the Plan has been substantially consummated. The Court shall conduct a hearing upon application thereon and after notice to all creditors and parties in interest. Thereafter, an order approving Debtor's report for final decree and closing of the case shall be entered." (Docket No. 44, pg. 22).

Unlike, individual chapter 11 cases, in which a final decree is entered, and thereafter the case is administratively closed and subsequently reopened, in chapter 11 subchapter V cases that are confirmed under 11 U.S.C. §1191(b), the services of the subchapter V trustee do not terminate until the completion of plan payments and the subchapter V trustee files his/her final report and the debtor then requests the entry of final decree and discharge. Thus, the fact that the subchapter V trustee is not discharged until he or she has filed the final report contravenes the language in 11 U.S.C. §350(a) which provides that, "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." This is similar to chapter 13 and chapter 12 cases which have trustees and must remain open until the trustee is discharged.

The court is aware that in some jurisdictions for regular chapter 11 cases, after the debtor or trustee certifies that the estate has been fully administered and a final report and request for final decree have been filed, the closing of these chapter 11 cases are allowed. Moreover, the Committee on the Administration of the Bankruptcy System has recommended as a matter of policy that all Chapter 11 cases should be closed for statistical reporting purposes, given that there is no statutory time limit on plan payments.  Bankruptcy Clerk's Manual, Topic 6: Case Events; Subtopic 5: Case Closing.          https://jnet.ao.dcn./policy-guidance/bankruptcy-clerks-manual/topic-6-case-events/subtopic-5-case-closing. "It is for the bench to decide of course when a plan is 'fully administered.' There is some disagreement about whether a Chapter 11 case can be statistically closed when 'substantially administered.' This type of administrative/statistical closing should not be confused with the closing of the case by the court which can only be done when the case is fully administered. Closing a case statistically does not affect the court's continuing jurisdiction for post confirmation matters or its ability to enforce or interpret its own orders." Id.  However, in a subchapter v plan that has been confirmed pursuant to 11 U.S.C. §1191(b) the duration of the plan

in the same manner as chapter 13 cases[4] and chapter 12 cases[5] may not exceed five years. See 11 U.S.C. §§1191(c)(2) & 1192.

Conclusion

In view of the foregoing, the Court denies the *Debtor's Motion in Compliance of Order and in Request of Administrative Closing of the Case*.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 25th day of April 2022.

Enrique S. Lamoutte
United States Bankruptcy Judge

---

[4] 11 U.S.C. §1325(b)(4).
[55] 11 U.S.C. §1222(c).